**FILED**

2010 May-28  AM 08:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **SAIIA CONSTRUCTION, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. :** |
| | ) | |
| **GREENWICH INSURANCE COMPANY,** | ) | _____ |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

COMES NOW the defendant, Greenwich Insurance Company ("Greenwich") and files this its Notice of Removal of this case from the Circuit Court of Jefferson County, Alabama, CV 2010-901381.00, wherein it is now pending, to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332 and 1441 (a) and, in support thereof, shows unto the Court as follows:

1. On or about April 23, 2010 , the plaintiff, Saiia Construction Company, LLC ("Saiia"), filed a Summons and Complaint in the Circuit Court of Jefferson County, Alabama styled *Saiia Construction, LLC v. Greenwich Insurance Company*, CV 2010-901381.00. In its complaint, Saiia seeks damages for breach of insurance contracts; bad faith; and a declaration of the rights of the parties. Saiia seeks liability insurance protection under professional and pollution insurance policies of insurance

for certain claims asserted against it for alleged damages resulting from the failure of a retaining wall. Saiia seeks monetary damages, punitive damages and other relief caused by the alleged breaches by the defendant Greenwich of its insurance contracts and contractual obligation to indemnify Saiia for defense and indemnity costs incurred in connection with those alleged underlying claims. As alleged in the complaint, the underlying claims result from work performed by Saiia for another entity in connection with a construction project in Cartersville, Georgia known as the Somerset Cove Apartments. Under a contract with CED Construction Partners, Ltd., Saiia was to design and build a mechanically stabilized earth retaining wall. Saiia seeks damages under professional and pollution liability policies issued to it by Greenwich with policy numbers PEC000247504 and PEC000247505 and PEC000247506 for a collective term of May 1, 2004 through May 1, 2007. Saiia claims breach of insurance contract; bad faith; and a declaration of the rights of the parties to said insurance contracts and seeks compensatory and consequential damages allegedly sustained by it as a result of the alleged breach of contract and further seeks punitive damages for the alleged bad faith. Saiia also seeks reasonable attorneys fees and other costs incurred by Saiia in processing this action. The amount of damages sought by Saiia is unspecified.

2

2.   This action is one of which the United States District Courts are given original jurisdiction pursuant to 28 U.S.C. § 1332, in that:

(a)   There exists complete diversity of citizenship between the plaintiff and the defendant in this action, to wit:

(b)   The plaintiff, Saiia Construction, LLC, is a limited liability corporation organized and existing under and by virtue of the laws of the State of Alabama, with its principal place of business located in Birmingham, Alabama.

(c)   The defendant, Greenwich Insurance Company, is a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business located in Stamford, Connecticut.

3.   Even though the plaintiff, Saiia, has failed to allege a specific amount in controversy, the amount in controversy in this action exceeds the sum of $75,000, exclusive of interests and costs. The plaintiff's complaint as indicated above seeks damages for breach of insurance contracts and bad faith. The plaintiff is seeking compensatory and punitive damages in this action. Any potential award of punitive damages against this defendant is included in determining the amount in controversy if such punitive damages are recoverable under the governing law. *Bell v. Preferred*

3

*Life Assurance Society Of Montgomery, Alabama,* 320 U.S. 238, 240 (1943); *Holly Equipment Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987). The defendant, Greenwich Insurance Company, represents to this Court that based upon information available to it with respect to information exchanged between Saiia and Greenwich prior to this lawsuit being filed, as well as the claims being made by Saiia against Greenwich, Saiia is seeking from Greenwich in excess of $1,000,000 (one million dollars) in connection with its lawsuit filed against Greenwich.

4.      The defendant, Greenwich Insurance Company, only has the burden to prove that the amount in controversy requirements have been met by a "preponderance of the evidence" where, as in this case, the plaintiff makes an unspecified demand for damages. It is clear that the amount in controversy under the breach of contract claim alone in this action exceeds the Court's $75,000 jurisdictional requirement, exclusive of interests and costs, particularly if Saiia is able to prove the matters alleged and claimed. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). If the plaintiff is able to prove by a preponderance of the evidence that this defendant breached its contracts as alleged in the complaint, a claim which this defendant denies, then, in that event, the plaintiff's claims would exceed $75,000, exclusive of interests and costs.

5.    A copy of this Notice of Removal is being served upon all counsel of record.

6.    A true and correct copy of a Notice of Filing of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama.

7.    By filing this Notice of Removal, the defendant does not waive any defense that may be available to it.

8.    A copy of all pleadings served upon the defendant are attached to the original Notice of Removal.

WHEREFORE, PREMISES CONSIDERED, the defendant, Greenwich Insurance Company, files this Notice of Removal so as to effect the removal of this action from said Circuit Court of Jefferson County, Alabama, to this Court. This defendant prays this Honorable Court will make such other Order as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

This the 27th day of May, 2010.

Respectfully submitted,

G. THOMAS YEAROUT
(ASB-3886-y70g)

5

OF COUNSEL FOR DEFENDANT,
GREENWICH INSURANCE COMPANY

YEAROUT, SPINA & LAVELLE P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
(205) 298-1800
(205) 298-1802
Tyearout@ysllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following Counsel via e-mail and/or by placing a copy of the same in the United States Mail, properly addressed and postage prepaid on this the 27th day of May, 2010:

C. Ellis Brazeal, III
Jones Walker
One Federal Place
1819 5th Avenue North
Suite 1100
Birmingham, AL 35203
ebrazeal@joneswalker.com

OF COUNSEL

6

# ATTACHMENT  A



ELECTRONICALLY FILED
4/23/2010 4:02 PM
CV-2010-901381.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| SAIIA CONSTRUCTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| GREENWICH INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES now the plaintiff, Saiia Construction, LLC ("Saiia"), and for its complaint against the defendant, Greenwich Insurance Company ("Greenwich"), says as follows:

### Parties and Venue

1.      Saiia is a limited liability company organized under the laws of Alabama, with its principal place of business in Birmingham, Alabama. Saiia is a contractor specializing in industrial, commercial, and residential site development projects throughout the southeastern United States.

2      Greenwich is a corporation organized under the laws of the state of Delaware with its principal place of business in Connecticut. Greenwich is licensed to transact business in Alabama and is engaged in the business of insurance.

3.      Saiia is a resident of Jefferson County and is the holder of insurance policies sold, issued, and/or delivered to it by Defendant. Venue is proper under Ala. Code § 6-3-7.

## Factual Background

4       By contract dated October 25, 2002 (the "Contract"), Saiia contracted with CED Construction Partners, Ltd. ("CED") to provide labor, services and materials for certain work for the Somerset Cove Apartments in Cartersville, Georgia (the "Project"). The owner of the project is Somerset Cove Partners, Ltd., L.P. ("Somerset").

5.      Under the Contract, Saiia was to design and build a mechanically stabilized earth ("MSE") retaining wall designated as "Wall J."

6.      Pursuant to a written proposal from Terracon Consultants, Inc. ("Terracon), dated November 2, 2002 (the "Terracon Contract"), Saiia contracted with Terracon to perform certain geotechnical services in connection with the Project for which Saiia was responsible under the Contract including, without limitation, determining the propriety of the soil utilized as backfill for the various MSE walls including Wall J. One element of determining the propriety of the soil was to determine the amount of "fines" contained within the soil.

7.      According to Saiia's expert, Golder & Associates, Inc. ("Golder"), and others, Terracon did not properly analyze this soil and, thereby, allowed soil with excess fines to be placed in the reinforced zone behind Wall J. These excess fines led to movement of Wall J.

8.      In 2006, Saiia commenced suit against CED and Somerset to recover its retainage under the Contract, and CED and Somerset filed counterclaims against Saiia alleging that the movement of Wall J constituted a failure of Wall J and seeking damages related thereto (the "Claims"). The claims asserted against Saiia included claims for alleged design and construction deficiencies.

9.     Shortly thereafter, Saiia notified Greenwich that CED and Somerset had asserted the Claims against Saiia, and provided Greenwich with requested information about the claims, but Greenwich refused to pay for the defense of the Claims

10.    Saiia also notified its CGL insurance providers, American Zurich Insurance and St. Paul Fire and Marine Insurance Company, and those two companies agreed to pay the defense costs for the Claims.  These two insurers also contacted Greenwich and requested that Greenwich at least share in the defense costs given that the Claims included ones for professional liability.  Again, Greenwich refused to participate in the defense of the Claims.

11.    During the litigation of the Claims, it was determined that the deficiencies in Wall J resulted in large part from the improper backfill material.  Specifically, Wall J failed due to the excess fines contained in the backfill, which was analyzed and approved by Teracon in its capacity as the geotechnical engineer for Saiia.

12.    As the litigation of the Claims continued without any participation by Greenwich, Saiia's insurance agent, Willis of Birmingham, Inc., elicited the assistance of upper level management from Willis Corporation to speak with upper level management at Greenwich to seek their participation in the defense of the Claims.  Still, Greenwich refused.

13.    As the trial of the Claims approached, Saiia provided notice to Greenwich of its desire to settle the Claims, and Greenwich once again denied any responsibility as to the Claims.  Saiia then informed Greenwich that, given the approaching trial, it was going to enter into settlement negotiations with CED and Somerset.  Again, Greenwich denied coverage.

3

14. Finally, after Saiia threatened Greenwich with claims for "bad faith," Greenwich retained outside counsel and had outside counsel contact Saiia only two business days before the trial was set to commence. Greenwich again denied responsibility (claiming that its policies were for excess coverage) and offered a woefully inadequate sum to go towards settling the Claims.

15. Saiia again advised Greenwich that it was going to attempt to settle the Claims and did so. The settlement requires Saiia to perform certain remedial work to Wall J, to monitor Wall J, to determine whether additional work is needed, and to reimburse CED and Somerset for certain expenses.

## The Professional and Pollution Liability Insurance Policies

16. Greenwich issued Professional and Pollution Liability insurance policies to Saiia, policy numbers PEC000247504, PEC000247505, and PEC000247506, for a collective term of May 1, 2004 through May 1, 2007 (the "Professional Policies"). Greenwich's Professional Policies insured Saiia against certain liabilities, including liabilities for claims made against Saiia by reason of any act, error, or omission in professional services provided by Saiia or by any person for whose acts, errors, or omissions Saiia was responsible.

17. The Professional Policies specifically cover, and were purchased to provide protection against, liability that Saiia might incur because of claims asserted against it allegedly arising from acts, errors, or omissions in professional services rendered at the Project by Saiia, or by any of the subcontractors Saiia was responsible for, including SRDI.

4

18.     All conditions and requirements imposed by the Professional Policies upon Saiia thereunder, including payment of premiums and notices of claims, have been satisfied and/or have been waived and/or are subject to an estoppel against Greenwich.

19.     Saiia reasonably expected the Professional Policies to provide coverage for liability and expense associated with the Claims, and it has reasonably and justifiably relied upon the Professional Policies for protection against such claim.

20.     Pursuant to the terms of the Professional Policies, and as provided by law, Greenwich is obligated to pay all sums for which the insured Saiia became liable, through settlement or otherwise, as a result of the Claims asserted against Saiia during any one of Greenwich's policy periods.  Such obligation of Greenwich to make full payment to or on behalf of Saiia (hereafter, "the duty to indemnify") is subject only to the underlying and/or upper limits of liability expressly and unambiguously stated in the Professional Policies.

21.     Pursuant to the terms of the Professional Policies, and as provided by law, Greenwich is obligated to pay costs relating to the Claims including attorney's fees and supplemental expenses, that are potentially within Greenwich's duty to indemnify.  Such obligations of Greenwich to pay defense-related costs (hereafter, "the duty to defend") apply unless the allegations of the underlying claim against Saiia clearly preclude any possibility that any part of the injury claimed in that action could have occurred during any one of Greenwich's policy periods. Greenwich's duty to pay defense-related costs is subject only to the underlying and/or upper limits of liability in the Professional Policies that expressly and unambiguously apply to the duty to defend.

22.     Greenwich has failed and refused to provide coverage benefits to Saiia for the Claims.

### Claim for Breach of Insurance Contract

23.     Paragraphs 1 through 22 are incorporated by reference herein.

24.     Saiia has incurred, and will incur, substantial financial losses in connection with the Claims.

25.     Greenwich has failed and refused to pay or reimburse the losses incurred by Saiia for the Claims, Greenwich has denied coverage under the Professional Policies and has breached its contracts of insurance.

26.     As a direct and proximate result of Greenwich's breaches of its contracts of insurance, Saiia has been deprived of the benefits of its liability insurance coverage for which substantial premiums were paid.  By depriving Saiia of its insurance coverage, Greenwich has directly damaged Saiia by forcing it to make expenditures, and/or incur financial obligations, that should be paid by Greenwich.

27.     Further, as a result of such breaches of contract, Saiia has been forced to incur and will continue to incur additional, reasonably foreseeable, consequential damages, including, but not limited to, the cost of attorney's fees and other expenses in prosecuting this action, lost executive time, and the lost earnings on amounts wrongfully withheld by Greenwich.

### Claim for Bad Faith

28.     Saiia incorporates the allegations set forth in paragraphs 1-27 hereinabove.

6

29.     By failing to defend and to pay the Claims, Greenwich has breached its duty of good faith and fair dealing since Greenwich has no lawful basis to refuse to pay and/or deny the Claims.

30.     Greenwich is aware that it has no lawful basis upon which to refuse to pay to defend or to pay the Claims.  Furthermore, Greenwich has engaged in various stalling tactics in an attempt to avoid and/or delay its obligation to defend and to pay the Claims.

31.     Accordingly, Greenwich is liable to Saiia for compensatory and punitive damages arising from its "bad faith" failure to pay the Claims.

### Claim for Declaratory Relief

32.     Saiia incorporates the allegations set forth in paragraphs 1-31 hereinabove.

33.     Given that the settlement involves the possibility of additional remedial work, there are future losses which could be incurred by Saiia.

34.     This Court should declare that Greenwich must indemnify Saiia for any such future losses.

### Request for Relief

WHEREFORE, Plaintiff Saiia requests that this Court enter a judgment awarding Saiia:

1.     Actual compensatory and consequential damages sustained by Saiia as a result of the breaches of contract by the defendant insurer, plus interest according to law, in amounts to be established through proof at trial;

2.     Declaratory relief that Greenwich is obligated to indemnify Saiia as to any other losses sustained as the result of the Underlying Claim or the settlement;

3.      Punitive and exemplary damages as may be assessed at trial;

4.      Reasonable attorney's fees and other costs incurred by Saiia in prosecuting

this action; and

5.      Such other relief as the Court may deem appropriate.


\s\ C. Ellis Brazeal III
C. Ellis Brazeal III
Attorney for Saiia Construction, LLC

OF COUNSEL:

Walston, Wells & Birchall, LLP
1819 5th Avenue North
Suite 1100
Birmingham, AL 35203
(205) 244-5237 telephone
(205) 244-5437 facsimile


## JURY DEMAND

Saiia hereby requests trial by struck jury.

\s\ C. Ellis Brazeal III
OF COUNSEL


**Please serve Defendant by Certified Mail as follows:**

Greenwich Insurance Company
c/o C T Corporation
2 North Jackson Street
Suite 605
Montgomery, AL 36104


S:\008738\00027\Pleadings\complaint revised.doc



ELECTRONICALLY FILED
4/23/2010 4:02 PM
CV-2010-901381.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

SAIIA CONSTRUCTION, LLC,      )
                                    )
     Plaintiff,           )
                                    )
vs.                             )     Case No.
                                    )
GREENWICH INSURANCE COMPANY,  )
                                    )
     Defendant.         )

**SAIIA CONSTRUCTION, LLC'S FIRST SET OF DISCOVERY TO
GREENWICH INSURANCE COMPANY**

Pursuant to Rules 26, 34 and 36 of the Alabama Rules of Civil Procedure, Plaintiff, Saiia Construction, LLC ("Saiia"), propounds the following consolidated set of discovery requests on Defendant Greenwich Insurance Company ("Greenwich"). The Requests for Admission, Interrogatories, and Requests for Production are to be answered in accordance with the Alabama Rules of Civil Procedure within 45 days after service of the complaint, and any documents or things produced in response are to be made available for inspection, examination, copying and photographing at 1819 5th Avenue North, Suite 1100, Birmingham, AL 35203, within 30 days or at such other time and place as may be agreed upon by counsel.

**DEFINITIONS**

1.    "Greenwich" means Defendant Greenwich Insurance Company, its divisions or departments, its predecessors, successors, assigns, parents, affiliates, officers, managers, directors, owners, employees, agents, attorneys, representatives, consultants and any other persons acting or purporting to act on behalf of any of the foregoing, now or in the past, and wherever located (including but not limited to XL Insurance).

2.     As used herein, "individual" means any natural person, corporation, partnership, firm, association, or any other entity.

3.     "You" or "your" refers to Greenwich, together with its representatives and all others acting on its behalf.

4.     "Project" means any and all aspects of construction of the Pinnacle at Tutwiler Farms in Trussville, Alabama.

5.     The "Policy" refers collectively to the Professional and Pollution Liability insurance policies issued by Greenwich with policy numbers PEC000247504, PEC00247505, and PEC000247506, for a collective term of May 1, 2004 through May 1, 2007.

6.     The "Underlying Claim" means Saiia's claim for coverage under the Policy which is at issue in this suit.

7.     As used herein, "identify" when used in reference to an individual means providing, among other things, full name, current place of employment, home and work addresses and telephone numbers, date of commencement of employment, job title, and description of his or her duties and responsibilities.

8.     As used herein, "describe" or a word of similar import means to state separately and in detail the factual basis for the allegations requested to be described and/or, where applicable, to give a detailed description of the thing, event, or entity asked to be described and, in every instance, means to include all facts and opinions known concerning what is requested to be described.

9.     "Document" includes documents, electronically stored information, or tangible things as broadly defined by Rule 34 of the Alabama Rules of Civil Procedure,

including but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, through detection devices into reasonable usable form, however produced or reproduced, of any kind or description, whether privileged or not privileged, including originals, marked copies, and drafts regardless of origin, whether sent or received, or made and/or used internally in whatever form, and both sides thereof, in Greenwich's custody, possession, or control or in the custody, possession, or control of Greenwich's Attorney's.

## **INSTRUCTIONS**

1.    These discovery requests are continuing in nature so as to require you to file supplementary responses if you obtain new or different information up to and including the time of trial of this action.

2.    If you withhold any responsive information or document on the grounds that it is privileged or otherwise excludable from discovery, provide the identity of the author, recipient(s), and any parties provided with a copy of said document, describe its subject matter, and specify the basis for the claimed privilege or other grounds of exclusion.

3.    Documents shall be produced as originals and in the condition and order in which they are kept in the ordinary course of business.

4.    In each of your responses to these discovery requests, you are requested to provide not only such information as is in your possession, but all information as is reasonably available.  In the event that you are able to provide only part of the information called for by any particular document request, please provide all the

information you are able to provide and state the reason for your inability to provide the remainder.

5.      Saiia reserves the right to serve additional discovery requests.

## REQUESTS FOR ADMISSION

1.      Admit that XL Insurance was acting on your behalf and as your agent in all respects related to the Policy and the Underlying Claim.

## INTERROGATORIES

1.      Identify each individual involved in responding to these discovery requests, including the requests for admission, interrogatories, and/or requests for production.

2.      Identify each insurance agency and/or broker which participated in the issuance or management of any insurance policies (including but not limited to the Policy) you issued to Saiia and describe the nature of the participation of the insurance agency and/or broker.

3.      For each insurance agency and/or broker identified in Interrogatory No. 2, identify the representative(s) who participated in the issuance or management of any insurance policies (including but not limited to the Policy) you issued to Saiia and describe the nature of the participation of the representative(s).

4.      For each insurance agency and/or broker identified in Interrogatory No. 2, identify the representative(s) with whom you have had any correspondence with, whether orally or in writing, with respect Saiia and/or the Underlying Claim and state the nature of such correspondence.

4

5.      Identify all notices or correspondence that you have ever received from Saiia, its broker or agent, or any other person, firm, or entity (including, without limitation, American Zurich Insurance, St. Paul Fire and Marine Insurance Company or Willis Corporation) relating to its claims for coverage under the Policy and/or the Underlying Claim.

6.      Identify each individual who reviewed the Underlying Claim and state the nature of their involvement.

7.      Identify the materials, information, documents, manuals, and/or policies which were or may have been consulted when evaluating the Underlying Claim.

8.      Identify all divisions, groups, departments, and/or individuals that were involved in any way in the processing, handling, evaluating, and responding to the Underlying Claim or any of Saiia's notices or correspondence related thereto.

9.      Identify the individual or individuals who have any knowledge related to the decision to deny the Underlying Claim and/or the decision to refuse to provide coverage in relation to the Underlying Claim.

10.      Identify all facts upon which the decision to deny the Underlying Claim was based.

11.      Identify all provisions of the Policy that you contend support your denial of the Underlying Claim.

12.      Have you ever relied upon any of the provisions identified in response to Interrogatory No. 11 above to deny coverage, or to reserve Greenwich's rights, as to other claims?  If so, please state for each claim:

(a)      the identity of the insured involved;

5

(b)     the provisions relied upon to deny coverage;

(c)     the identity of the party making the claim;

(d)     the ultimate disposition of the claim;

and     (e)     what amount, if any, you paid towards defense or indemnity costs.

13.     Have you ever been involved in any litigation in which the applicability of any of the provisions identified in response to Interrogatory No. 11 above was at issue? If so, please state for each such case:

(a)     the parties involved in the case;

(b)     the court style for the case;

(c)     the disposition of the case including, without limitation, the amount paid to settle the claim.

14.     Identify each claim submitted to you for coverage for which you have denied coverage, or reserved your rights, on the basis that your coverage was excess coverage.  Please state for each such claim:

(a)     the identity of the insured involved;

(b)     the provisions relied upon to deny coverage;

(c)     the identity of the party making the claim;

(d)     the ultimate disposition of the claim;

and     (e)     what amount, if any, you paid towards defense or indemnity costs.

15.     Have you ever been involved in any litigation concerning the claims identified in response to Interrogatory No. 14 above?  If so, please state for each such case:

    (a)     the parties involved in the case;

    (b)     the court style for the case:

    (c)     the disposition of the case including, without limitation, the amount paid to settle the case.


16.     Identify all premiums paid by Saiia for the policies listing the amount paid for policy year for each payment.


17.     Identify all claims submitted by Saiia during the policy.


18.     Identify all sums paid by Greenwich regarding any claims submitted under the policies.  For each such payment, specify:

    a)      The party which submitted the claim

    b)      The date of the claim amount paid by you to settle the claim, along with any defense costs or other expenses paid related to the claim.


19.     Identify each and every expert witness that you intend to use at trial or other proceeding in this action, and for each such expert identify the subject matter in which he/she is to be offered as an expert, his/her qualifications within the field in which

he/she is expected to testify, the substance of the facts and opinions to which he/she is expected to testify, and a summary of the grounds for each opinion.

## REQUESTS FOR PRODUCTION

1.     All documents related to the Underlying Claim, including your complete claim file and claim notes.

2.     All documents evidencing or relating to all coverage opinions related to the Underlying Claim.

3.     All documents related to Saiia, including but not limited to documents related to any insurance policy issued by Greenwich to Saiia.

4.     All documents comprising Greenwich's complete underwriting file for the Policy and any other policies written for Saiia.

5.     All claims handling guidelines used in adjusting claims such as the Underlying Claim, including but not limited to any documents identified in your response to Interrogatory No. 7 above.

6.     All correspondence, memoranda, reports, statements, acknowledgments, instructions, directives, electronic mail, and any other documents relating to the Policy and/or the Underlying Claim.

7.     All documents evidencing any correspondence, including but not limited to electronic mail, between you and Saiia which relate to the Project or the Underlying Claim from January 1, 2005 to present.

8.     All documents evidencing any correspondence, including but not limited to electronic mail, between you and the representative(s) of any of the entities you

8

identified in Interrogatory No. 2 above which relate to Saiia, the Project, or the Underlying Claim from January 1, 2005 to present.

9.     All documents evidencing any correspondence, including but not limited to electronic mail, between you and any representative of Willis of Birmingham, Inc., or the Willis Claims Service Center which relate to Saiia, the Project, or the Underlying Claim from January 1, 2005 to present.

10.     All documents evidencing any correspondence, including but not limited to electronic mail, between you and any representative of the owner of the Project, Colonial Properties Trust, related to the Project from January 1, 2005 to present.

11.     All documents evidencing any correspondence, including but not limited to electronic mail, between you and any representative of XL Insurance which relate to Saiia, the Project, or the Underlying Claim from January 1, 2005 to present.

12.     All documents evidencing any internal correspondence, including but not limited to electronic mail, which relate to Saiia, the Project, or the Underlying Claim from January 1, 2005 to present.

13.     All documents showing any and all efforts undertaken by Greenwich to investigate or otherwise handle the Underlying Claim.

14.     All documents you contend support the denial of the Underlying Claim.

15.     All documents related to Saiia's claim for coverage under the Policy.

16.     All documents related to the claims or cases identified in response to Interrogatory Nos. 12, 13, 14, or 15 including, without limitation:

(a)     all pleadings from any of the lawsuits;

(b)     all settlement agreements relating to the resolution of any of the claims;

9

    (c)      all letters or other correspondence setting forth your bases for denying coverage or reserving your rights as to any of the claims.

    16.      The curriculum vitae of all experts whom you expect to call to testify at trial.

\s\ C. Ellis Brazeal III
C. Ellis Brazeal III
Attorney for Saiia Construction, LLC

OF COUNSEL:

Walston, Wells & Birchall, LLP
1819 5th Avenue North
Suite 1100
Birmingham, AL 35203
(205) 244-5237 telephone
(205) 244-5437 facsimile

**Please serve with Complaint.**

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-2010-901381.00<br>Date of Filing:<br>04/23/2010 |
|---|---|---|

ELECTRONICALLY FILED
4/23/2010 4:02 PM
01-CV-2010-901381.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## GENERAL INFORMATION

**IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA**
**SAIIA CONSTRUCTION, LLC v. GREENWICH INSURANCE COMPANY**

First Plaintiff:   ☑Business   ☐Individual          First Defendant:   ☑Business   ☐Individual
                   ☐Government ☐Other                                   ☐Government ☐Other

---

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐WDEA - Wrongful Death
☐TONG - Negligence: General
☐TOMV - Negligence: Motor Vehicle
☐TOWA - Wantonnes
☐TOPL - Product Liability/AEMLD
☐TOMM - Malpractice-Medical
☐TOLM - Malpractice-Legal
☐TOOM - Malpractice-Other
☐TBFM - Fraud/Bad Faith/Misrepresentation
☐TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐TOPE - Personal Property
☐TORE - Real Property

**OTHER CIVIL FILINGS**

☐ABAN - Abandoned Automobile
☐ACCT - Account & Nonmortgage
☐APAA - Administrative Agency Appeal
☐ADPA - Administrative Procedure Act
☐ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐MSXX - Birth/Death Certificate Modification/Bond Forfeiture
         Appeal/Enforcement of Agency Subpoena/Petition to
         Preserve
☐CVRT - Civil Rights
☐COND - Condemnation/Eminent Domain/Right-of-Way
☐CTMP-Contempt of Court
☑CONT-Contract/Ejectment/Writ of Seizure
☐TOCN - Conversion
☐EQND- Equity Non-Damages Actions/Declaratory
         Judgment/Injunction Election Contest/Quiet Title/Sale For
         Division
☐CVUD-Eviction Appeal/Unlawful Detainer
☐FORJ-Foreign Judgment
☐FORF-Fruits of Crime Forfeiture
☐MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐PFAB-Protection From Abuse
☐FELA-Railroad/Seaman (FELA)
☐RPRO-Real Property
☐WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐COMP-Workers' Compensation
☐CVXX-Miscellaneous Circuit Civil Case

---

**ORIGIN:**   F☑ INITIAL FILING          A☐ APPEAL FROM          O☐ OTHER
                                             DISTRICT COURT

              R☐ REMANDED                 T☐ TRANSFERRED FROM    _____
                                             OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**   ☑Yes  ☐No

---

**RELIEF REQUESTED:**   ☐MONETARY AWARD REQUESTED   ☑NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**   BRA051          4/23/2010 3:42:17 PM          /s CLYDE ELLIS BRAZEAL III

---

**MEDIATION REQUESTED:**   ☐Yes  ☑No  ☐Undecided

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2010-901381.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### SAIIA CONSTRUCTION, LLC v. GREENWICH INSURANCE COMPANY

**NOTICE TO**   GREENWICH INSURANCE COMPANY, 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CLYDE ELLIS BRAZEAL III

WHOSE ADDRESS IS 1819 5TH AVE. N. STE. 1100, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   SAIIA CONSTRUCTION, LLC
   pursuant to the Alabama Rules of the Civil Procedure

| 4/23/2010 4:02:56 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s CLYDE ELLIS BRAZEAL III
   Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____        _____
Date        Server's Signature

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

GREENWICH INSURANCE COMPANY
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Anna B_              ☐ Agent
                         ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
   _Anna Eral_    4/30/10

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

CV10-901381 SEC

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)

2. Article Number
   (Transfer from service label)

7004 1680 0001 1714 6719

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN CLERK'S OFFICE

MAR 0 6 2010

ANNE-MARIE ADAMS
Clerk

• Sender: Please print your name, address, and ZIP+4 in this box •

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

A 13



**AlaFile E-Notice**

01-CV-2010-901381.00

Judge: JOSEPH L. BOOHAKER

To:  BRAZEAL CLYDE ELLIS III
     ebrazeal@walstonwells.com

# NOTICE OF SERVICE

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

**SAIIA CONSTRUCTION, LLC V. GREENWICH INSURANCE COMPANY**
**01-CV-2010-901381.00**

The following matter was served on 4/30/2010

**D001 GREENWICH INSURANCE COMPANY**
**CERTIFIED MAIL**

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov